IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

UNITED STATES OF AM ERICA          *

           v.          *          Criminal No.  ELH-18-098

FERNANDO CRISTANCHO          *

           *          *          *          *          *          *          *

### DEFENDANT'S STATEMENT IN AID OF SENTENCING

Now comes the defendant, Fernando Cristancho, by and through undersigned counsel and submits this document, with the accompanying attachment[1], in support of the request being presented by the defendant. The defendant requests that the Court consider his age, the limitations of his mental health, and his acceptance of responsibility by pleading guilty in this matter, and any other  information brought to the Court's attention in fashioning a sentence that is sufficient but not greater than necessary, and below the sentence recommended by the government.

### PRESENCE REPORT

Undersigned counsel and the defendant have reviewed the presentence report prepared in this matter. The information contained in the presentence report is accurate. .

---

[1] Accampanying this Statement is the Competency to Stand Trial Evaluation.

1

## GOVERNMENT'S PRESENTENCE FILING

Undersigned counsel has been provided a copy of the presentence filing by the government and understands the government's position. It is important to note that the government, understandably, believes that some form of additional punishment is necessary, but the request by the government is extraordinary.

The allegations of abuse that the government includes in its memorandum regarding Mr. Cristancho's children, Jonathan Trembly, and Maureen Deane, are denied by Mr. Cristancho. Mr. Cristancho pled guilty to the offense of Coercion and Enticement. The guideline calculation for that offense alone is staggering. But, the government seeks to fortify any argument it may offer with allegations of abuse by other individuals that have not resulted in criminal charges.

Undersigned counsel has reviewed the documents that have been submitted by the government. Although one can dispute that which has been documented by lengthy hearings before a court, it is difficult to alter that which has been decided by Judge Plitt and Judge Eaves. The other allegations of abuse have never come before a fact finder, subject to the rigors of due process. The government uses these uncorroborated statements to attempt to fortify its belief that Mr. Cristancho is a pedophile not worthy of any mitigation.

The Court has had the opportunity to review the images that are the subject of other counts contained within the indictment. A number of the images do present photographs of the genitalia of minors. Undersigned counsel believes it is important to recognize that Mr. Cristancho walked into a retail establishment and voluntarily offered to have each and every photograph stored in his phone inspected and viewed by the store employee. That act was the catalyst for the case that now is before the Court. Although the Court may find that the images

2

constitute child pornography, there is absolutely no evidence to suggest that Mr. Cristancho ever

viewed the images or distributed the images. For reasons that the Court may never appreciate,

Mr. Cristancho and family members, took the pictures that the Court has reviewed. Unlike the

child pornography cases that often come before the Court, the absence of any additional viewiing

of distribution of the images, should be considered as a mitigating factor when considering the

possession of the images.

<u>PERSONAL HISTORY</u>

The Presentence Report, in paragraphs 107 through 125, accurately reflects the personal,

social, educational, physical/mental health, substance abuse and employment history of Mr.

Cristancho. Futher, the accompanying evaluaton offers additional personal information

regarding Mr. Cristancho. Undersigned counsel is cognizant of the restraints on the Court's time,

and will not reiterate the information set forth in the referenced paragraphs of the Presentence

Report, but incorporates by reference the information in the identified paragraphs.

<u>MR. CRISTANCHO'S SENTENCE</u>

Although Mr. Cristancho hopes that he will not be subjected to an extraordinary period of

incarceration, he is cognizant of his identified role and the advisory guideline range, the

considerations to be offered to the Court by the government in support of its recommended

sentence, and the likelihood of the Court imposing a period of incarceration. The defendant

believes that a period of incarceration below the sentencing guideline range would satisfy the

need for punishment, reflect the seriousness of the offense and promote respect for the law.

Additionally, such a sentence would be sufficient to deter criminal conduct. Such a sentence

would provide just punishment for the offense.

The representation of Mr. Cristancho has been somewhat challenging. Undersigned counsel was seriously concerned that Mr. Cristancho was not competent to stand trial. As such, the evaluation which accompanies this brief sentencing statement was completed. Undersigned counsel spent endless hours with Mr. Cristancho over the past four years. Mr. Cristancho repeatedly focused on the abuse that he suffered as a child. He rarely could focus on the issues being presented by undersigned counsel, and struggled to appreciate the need to determine how to best resolve this case. Undersigned counsel apologizes for the tardiness of this document. It has been very difficult to offer anything other than that which has been provided in the Presentence Report and the Competency Evaluation. The delay in filing this document was not a disregard for the Court's Order, but the inability to find some information outside the scope of that which appears in the mentioned documents.

Mr. Cristancho has always been considerate, kind and appreciative of undersigned counsel's efforts. That being said, even with the ability to negotiate the resolution of this case without proceeding to trial, undersigned counsel feels challenged in offering mitigation that will sway the Court. In many ways, counsel is engaging in legal begging. Asking that the Court consider the age of Mr. Cristancho, the impact of his being abused as a child, and determine that any sentence in the middle of the negotiated range, is sufficient.

Over the past several decades state and federal incarceration rates have increased dramatically. As a consequence of more punitive laws and harsher sentencing policies, longer periods of incarceration are imposed by the courts. Sentencing systems and incarceration traditionally have a variety of goals, which as previously noted, include incapacitation, punishment, deterrence and rehabilitation. In recent decades, sentencing policy initiatives have

often been enacted with the goal of enhancing the deterrent effect of the criminal justice system. Under the rubric of "getting tough on crime" tougher sentencing policies have been designed to deter with the threat of imposing substantial terms of imprisonment for felony convictions.

While the criminal justice system as a whole provides some deterrent effect, a key question for policy development regards whether enhanced sanctions or an enhanced possibility of being apprehended provide any additional deterrent benefits. Research to date generally indicates that increases in the certainty of punishment, as opposed to the severity of the punishment, are more likely to produce deterrent effects.[2] Criminological research over several decades and in various nations generally concludes that enhancing the certainty of punishment produces a stronger deterrent effect than increasing the severity of punishment. Key findings include the following:

> The Institute of Criminology at Cambridge University was commissioned by the British Home Office to conduct a review of research on major studies of deterrence. Their 1999 report concluded that "...the studies reviewed do not provide a basis for inferring that increasing the severity of sentences generally is capable of enhancing deterrent effects."  In addition, in reviewing macro-level studies that examine offense rates of a specific population, the researchers found that an increased likelihood (certainty) of apprehension and punishment was associated with declining crime rates.[3]

> Daniel Nagin and Greg Pogarsky, leading scholars on deterrence, conclude that "punishment certainty is far more consistently found to deter crime than punishment severity, and the extra-logical consequences of crime

---

[2] Deterence in Criminal Justice. Evaluating Certainty vs. Severity of Punishment, Valerie Wright, Ph.D., The Sentencing Project (Washington, D.C. 2010)

[3] Id.

seem at least as great a deterrent as the legal consequences.[4]

Applying the concept that certainty rather than severity has a more deterrent effect to the circumstances of Mr. Cristancho's case supports a request that sentence of imprisonment that is below the advisory sentencing guideline range and not at the top of the range of the negotiated plea is appropriate to achieve the purposes of sentencing and is otherwise consistent with the statutory factors.

A sentence of imprisonment below the advisory sentencing guideline range, and not at the top of the negotiated range, is a serious punishment that satisfies the retributive, deterrent, and incarceration goals of sentencing. Moreover, such a sentence is sufficient to afford deterrence because Mr. Cristancho presents no special problems of recidivism. He will no longer be in a position to influence children. His likelihood of recidivism is slight, given his plea of guilty, regret for the impact of his actions, and the ongoing collateral consequence of a felony sex offender conviction will encumber Mr. Cristancho for the remainder of his life. . Any period of incarceration that is below the top of the negotiated range is enough to dissuade him, and other individuals, to engage in similar conduct.

<u>CONCLUSION</u>

Abuse begets abuse. And so here we are, faced with what to do with an aging individual who endured abuse as a child, only to find himself an admitted abuser. A sentence of fifteen years without parole, a lifetime of supervised release as a registered sex offender with the attendant controls, conditions, and sanctions will satisfy the requirements of 18 U.S.C. §

_____

[4]Id.

6

33553(a)(2). Such a sentence will provide Mr. Cristancho with the most intensive, effective and long-lasting correctional sex offender treatment available within the federal prison system, deter like minded individuals from committing similar crimes, protect the public from further criminal conduct, and constitute just punishment for his offenses. The advisory guideline range will not satisfy the statutory purposes of sentencing to any greater degree. Accordingly, the recommended sentence of fifteen years is sufficient, but not greater than necessary, to satisfy the requirements of 18 U.S.C. § 3553(a)(2)

In view of all of the above, the Court is requested to exercise leniency and mercy in its ultimate resolution of this matter.

Respectfully submitted,

_____-s-_____
Joseph Murtha
Rice Murtha & Psoras LLC
1301 York Road, Suite 200
Lutherville, Maryland 21093
(410) 583-6969
jmurtha@ricelawmd.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May, 2022, a copy of the foregoing Defendant's Statement in Aid of Sentencing was sent by electronic mail to Paul Budlow, Assistant United States Attorney, (Paul.Budlowr@usdoj.gov), and Colleen McGuinn, Assistant United States Attorney,(Colleen.McGuinn@usdog.gov), Office of the United States Attorney for the District of Maryland, 36 S. Charles Street, 4th Floor, Baltimore, Maryland 21201.

_____-s-_____
Joseph Murtha

JM10375

8